## Case No. 5,386.

### GIBBS v. The TWO FRIENDS.

[Bee, 416.] [1]

Admiralty Court, Pennsylvania. 1781.

SHIPPING—CLEARING FOR ONE PORT WITH DESIGN TO PROCEED TO ANOTHER—CAPTURE—LIABILITY OF CAPTORS.

1. Clearing out as for one legal port, but with a design to go to some other legal port, in order to conceal the real voyage, for mercantile purposes, is never deemed an offence, nor have the papers found on board a vessel under such circumstances, been considered as double papers, such as should induce a condemnation.

2. If such a vessel be captured, the owner may libel against the capturing vessel and her captain, for reparation of the loss and damage sustained by such capture.

HOPKINSON, District Judge. The brig Susannah, belonging to George Gibbs, cleared out from the naval office in the port of Rhode Island, and sailed with a cargo on board, as for Hispaniola, but in fact for Turk's Islands. Being on her voyage she was discovered, pursued, and captured by Josiah Crane, master of the brigantine Two Friends, belonging to subjects of the United Netherlands, and furnished with letters of marque and reprisal

---

[1] [Reported by William H. Crabbe, Esq.]

[1] [Reported by Hon. Thomas Bee, District Judge.]

against the subjects of the king of Great Britain. Holland had not at this time entered into any treaty with, or acknowledged the independence of, the United States of America. Captain Crane took out part of the crew of the Susannah, and put a prizemaster on board, and ordered her for Philadelphia; but the Susannah was again captured during her voyage to Philadelphia by a British privateer, taken to New-York, and there condemned. The Two Friends arrived at Philadelphia, where Gibbs the owner of the Susannah libelled against her, and against Captain Crane for reparation of the loss and damage sustained.

In considering this case, two obvious points present, viz.: 1st. Hath the brig Susannah so offended by her intended voyage to Turk's Islands as to afford probable cause of capture and confiscation? 2d. If not, who ought to satisfy the owner for the loss of his vessel and cargo?

On the first point the question occurs, whether Turk's Islands, may, or may not, be considered as property under the dominion of Great Britain? Whatever might have been the situation of these islands in the years 1778 and 1779, it is evident that at present they are abandoned by every nation, there having been no officer who hath exercised civil or military powers there under the authority of any government whatever for at least these two years past. If the British ever had legal dominion over these islands they have abandoned their right, and released the inhabitants from all allegiance by withdrawing all protection. So that those people may truly be said to be in a state of nature, unless they have formed some government of their own. What offence then can arise from trading with those islands? It is plain, from the clearances and entries in our own naval offices, that this trade hath not been deemed unlawful: and it is also in evidence, that American, French, and Spanish vessels constantly go to these islands for salt, and nobody hath heretofore questioned the legality of this commerce. But it is said, that the variance between the office clearance and an invoice found on board, marking the real destination of the voyage, affords probable cause of capture, and even a sufficient ground for confiscation. I find, however, that it is not an unusual practice for merchants to clear out as for one legal port, but with a design of going to some other legal port, in order to conceal the real voyage, for mercantile purposes. Nor hath this practice ever been deemed an offence, or the papers found on board a vessel under such circumstances been considered as double papers, such as should induce a condemnation.

The next question is, who ought to be answerable for the injury done? the captain, or his owners, or both? The relation between the owners and master of a vessel hath, to many purposes, been considered as that of master and servant; and the law is clear, that the master is bound by whatever the servant doth by his order, under his authority, or in the prosecution of his service. See [Vance v. Campbell] 1 Black [66 U. S.] 429. It has been contended, however, that Captain Crane was not in the prosecution of his owners' service, when he made this capture, the object of the voyage being merely mercantile, and not to take prizes. But as this vessel was duly commissioned to take prizes, and the owners and captain would have shared the produce of a legal capture, this distinction cannot be admitted, but the owners and captain must be considered as jointly answerable. Judgment in favour of the libellants for £1305 specie, with costs.

NOTE.—An appeal, and the judgment confirmed. [Case unreported.]